HODGE v. KEELS. (No. 249.)

(Court of Civil Appeals of Texas. Beaumont. June 14, 1917.)

1. APPEAL AND ERROR ☞770(1)—ACCEPTING APPELLANT'S STATEMENT.

Appellee filing no brief, the appellate court will accept appellant's statement of the nature and result of the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3106, 3107.]

2. JUDGMENT ☞256(1) — CONFORMITY TO JURY'S FINDINGS.

A judgment contrary to the jury's findings of fact is unwarranted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446, 454.]

Appeal from Trinity County Court; C. M. McKinnon, Judge.

Suit by J. B. Keels against C. E. Hodge. From part of the judgment, defendant appeals. Reversed and rendered.

Poston & Dotson, of Groveton, for appellant. C. H. Crow, of Groveton, for appellee.

BROOKE, J. [1] We accept the statement of appellant of the nature and result of the suit, as appellee has filed no brief.

This is a suit by Keels, as landlord, against Hodge, appellee, as tenant, to recover the sum of $174.73 on an open account and for a foreclosure of the landlord's lien on the following described property, which was distrained, to wit: One sorrel mule, about 13 hands high, about 10 bushels of potatoes, about 35 bushels of cotton seed, and a quantity of hay and fodder, and about 40 bushels of corn. Appellant answered with general demurrer, general denial, and reconvened with a cross-action for damages in the sum of $115 actual and $40 exemplary damages, for the wrongful suing out and wrongful levy of the distress warrant on his property. The suit was originally filed in the justice court of precinct No. 1, Trinity county, and from a verdict and judgment for appellee in said court was duly appealed to the county court of Trinity county. In the county court the case was tried to a jury, and submitted on special issues. To the

judgment of the court, rendered on the verdict of the jury, the appellant duly excepted, and gave notice of appeal, and duly perfected his appeal by filing an affidavit in lieu of an appeal bond.

It will, perhaps, be well to incorporate the findings of the jury, as the case was submitted on special issues:

(1) Was C. E. Hodge a tenant upon the farm of J. C. Keels for and during the year 1914? Answer this question "Yes" or "No." Answer: Yes.

(2) If you answer question No. 1 in the affirmative, then you will state in this answer whether or not the plaintiff, J. C. Keels, sold and furnished to the said C. E. Hodge the articles of merchandise and mule as set out in the verified account offered in evidence before you. Answer this question "Yes" or "No." Answer: No, in part. Explanation to question No. 2: We agree to merchandise account, with exception of the mule, which we find from the evidence was bought before defendant contracted to work J. C. Keels' farm.

(3) If you state that the said J. C. Keels sold and furnished to the said C. E. Hodge the goods, wares, and merchandise and mule set out in said account, then you will state in your answer to this issue how much the said C. E. Hodge has paid the said J. C. Keels on said account. Answer: See explanation on No. 2 in our supplement.

|  |  |  | Mdse a/c $335 80 |
|---|---|---|---|
| Less Cr. 1 mule....................... | $ 65 00 | |  |
| Less amount shown on a/c............ | 161 17 | |  |
| " | " | cotton seed .............. | 11 20 |
| " | " | hay and fodder......... | 7 50 |
| " | " | corn ..................... | 40 00 |
| " | " | sweet potatoes .......... | 10 00 |
| " | " | damages on road work | 25 00 |
| " | " | mule rent 60 days...... | 30 00 |
|  |  |  | $349 87 |
|  |  |  | 335 80 |
| Amount to balance.............. | $ 14 07 | |  |

(4) Was the defendant, C. E. Hodge, moving or attempting to move any of the crops grown upon the rented premises when the officer served the distress warrant and took possession of said crops? Answer "Yes" or "No." Answer: No, except by orders of landlord.

Upon request of defendant, the court submitted the following special issues:

(1) Do you find from the evidence that the defendant, C. E. Hodge, is indebted to the plaintiff, J. C. Keels, for advances furnished by said Keels to C. E. Hodge for the year 1914? Answer "Yes" or "No." Answer: No.

(2) If you find that the defendant, C. E. Hodge, is indebted to the plaintiff, J. C. Keels, then state how much. Answer: No dollars.

(3) Do you find from the evidence that at the time C. E. Hodge bought the mule from J. C. Keels, that said Hodge was then a tenant of the said J. C. Keels? Answer "Yes" or "No." Answer: No.

(4) Do you find from the evidence that the mule was furnished by the said J. C. Keels to the said C. E. Hodge to enable the said Hodge to make a crop during the year 1914 on the land rented from J. C. Keels, or to gather, secure, house, or put the same in condition for market? Answer "Yes" or "No." Answer: No.

(5) If you answer question No. 1 "No," then you will find from the evidence whether or not defendant has been damaged by the suing out and levying of said distress warrant. Answer "Yes" or "No." But if you answer question No. 1 "Yes," you will not answer this question. Answer: Yes.

(6) If you answer question No. 5 "Yes," then

you will state the amount of such damages. Answer: $55. If you answer question No. 5 "No," you will not answer this question.

(7) If you answer question No. 4 "No," then you will say whether or not defendant has been damaged by the levying of the writ on said mule. Answer "Yes" or "No." Answer: Yes. If you answer question No. 4 "Yes," then you will not answer this question.

(8) If you answer question No. 7 "Yes," then you will say how much he has been damaged. Answer: $14.07, total balance. If you answer question No. 7 "No," you will not answer this question.

In consideration of the above you are instructed that the burden is on the plaintiff to prove his case by a preponderance of the evidence, but defendant has the burden as to his cross-action.

The judgment of the court, entered upon the said findings, is as follows:

"It is therefore, on this the 19th day of April, 1916, ordered, adjudged and decreed by the court that the sum of $10 now in the registry of this court, same being the proceeds from the sale of all the crops levied on in this suit sold under order of this court previous to the trial hereof be returned over to the plaintiff, J. C. Keels, and that the said J. C. Keels be quieted in the possession of the mule sold by plaintiff and purchased from him by the defendant and sued for herein. It is the further order of this court that each of the parties have his execution, and that the officers of court have their execution for their costs. To which judgment defendant excepts and in open court gives notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District at Galveston."

Appellant complains by his first assignment, that the judgment does not conform to the verdict of the jury, and is contrary thereto in so far as it orders:

"That the said J. C. Keels be quieted in the possession of the mule sold by plaintiff and purchased from him by the defendant, and sued for herein."

[2] We are compelled to sustain the assignment. The jury found that the mule in controversy was not furnished by the landlord to the tenant to enable him to make a crop. The jury did not find that any lien was subsisting against the mule, either landlord's or otherwise. In the face of the findings by the jury, we are constrained to hold that the said judgment is contrary to the findings of the jury, and not warranted; that the said judgment, therefore, was error, in so far as it attempted to adjudge the possession of the mule or the title thereto in J. C. Keels. The said judgment should have been as found by the jury, that the mule was the property of the said Hodge, and no lien existed thereon, and therefore the said Hodge was and is entitled to possession of same. The assignment is sustained.

The second assignment of error is to the same effect as the first assignment; therefore the judgment of the lower court is reversed, and in accordance with his prayer, and as strenuously urged by appellant in his brief, that his client needs the mule to make a crop with, in accordance with the law as viewed by this court, and rendered as found by the jury, and as should have been entered by the lower court, in favor of appellant. It is so ordered.